ADOLPHUS LOTT *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Assault with intent to kill. Impossibility.*

    A defendant is not guilty of shooting with intent to kill another if, when he discharged his gun, he could not see, and could not have shot the other person, a house being between them.

  FROM the circuit court of, first district, Carroll county.

  HON. WILLIAM F. STEVENS, Judge.

  Lott, appellant, was indicted, tried and convicted of an assault with intent to kill and murder one George Dodge, and appealed to the supreme court. The facts were as follows:

  Adolphus Lott, George Dodge and several other negroes were playing a crap game. A dispute arose, causing Lott and Dodge to engage in fisticuffs, from which Lott retreated, going hurriedly into a nearby dwelling house for a gun. Dodge, suspecting the purpose of Lott, ran in the direction of a sandhouse—a large and substantial wooden structure filled with sand—some fifty or seventy-five yards from the scene of the scuffle.

  It did not, however, fall to the lot of Lott to commit murder, for Dodge dodged behind the sandhouse just before appellant returned with the gun. Recognizing that his adversary had so disappeared, Lott fired twice, shooting the sandhouse.

  *Frank Johnston* and *Southworth, Houghston & McEachen,* for appellant.

  The shots were evidently fired at random, and in a spirit of bravado, with no sort of purpose, or intention, of injuring Dodge. It was impossible that Dodge could have been touched while he was out of Lott's sight and behind the sandhouse.

  *J. N. Flowers,* assistant attorney general, for appellee.

  Dodge, in trying to get out of the way, was fortunate enough to get behind the sandhouse before the shots were fired. Appel-

lant did the very best he could.   He came as near shooting his
victim as was possible.   He will not be heard to say that he is
not guilty because he could not hit Dodge.   In this instance, if
the fleeing negro had not found protection appellant would have
had a case of homicide instead of an assault with intent to kill.

CALHOON, J., delivered the opinion of the court.

From a careful examination of this record, we think it plainly
manifest that both the shots fired by Lott were fired when he did
not see and could not have seen Dodge, because a sandhouse in-
tervened between them.   It being, therefore, impossible that he
could have hit him, or seen him to fire at him, we cannot hold
that he committed an assault with intent to kill and murder;
and so, notwithstanding Lott's bad conduct, the case is reversed
and remanded.

*Reversed.*